UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RODNEY BENNETT,

      Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
VINCENT GIANNITELLI, shield # 24419,
POLICE OFFICER STEVEN BHAGAN, shield #
13662, POLICE OFFICERS JANE/JOHN DOE(S),
83rd Precinct

      Defendants.

------------------------------------------------------------X

CV 12 - 2920

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

BLOCK, J.

POHORELSKY, M.J.

SUMMONS ISSUED

    PLAINTIFF RODNEY BENNETT, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF RODNEY BENNETT (hereinafter "BENNETT") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about May 11, 2011, at approximately 2:00 A.M., at or near Jefferson Street near Flushing Avenue, BENNETT was falsely arrested by Defendants, including, but not limited to, POLICE OFFICER VINCENT GIANNITELLI, shield # 24419, POLICE OFFICER STEVEN BHAGAN, shield # 13662, and POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested BENNETT with excessive force in violation of his constitutional rights. While in custody BENNETT was unlawfully detained for

approximately 60 hours. It is further alleged that BENNETT was maliciously prosecuted by employees of the CITY OF NEW YORK.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. BENNETT at all times relevant hereto resided at 54 Hale Avenue, Apt. 1, Brooklyn, N.Y. 11201.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER VINCENT GIANNITELLI, shield # 24419 (hereinafter "GIANNITELLI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant POLICE OFFICER STEVEN BHAGAN, shield # 13662 (hereinafter "BHAGAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

8. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about May 11, 2011, around 2:00 A.M., BENNETT was walking on Jefferson Street at or near Flushing Avenue when GIANITELLI, BHAGAN, and a third police officer, all in plain-clothes, exited an unmarked police car with guns drawn at BENNETT.

10. As Defendants frisked BENNETT, three more marked police cars approached and six uniformed police officers exited their vehicles.

11. Defendants threw BENNETT to the ground, scraping BENNETT's side, pushed a knee into BENNETT's back, and handcuffed him.

12. As BENNETT was lifted from the ground, Defendants ripped out an earring from BENNETT's ear, tearing Plaintiff's earlobe.

13. BENNETT was transported to the 83rd Precinct, where he was photographed, fingerprinted, and placed in a cell.

14. Upon information and belief, BENNETT was arrested in connection with a robbery that occurred in the neighborhood a short time earlier. BENNETT denied being involved in the robbery.

15. BENNETT was transported to Central Booking on the evening of May 12, 2011, where he was held for approximately 18 more hours until his arraignment on May 13, 2011 around 1:00 P.M. He was held in custody for approximately 60 hours between his arrest and arraignment.

16. BENNETT was charged with Penal Law §§ 160.15(4), 160.10(1)&(2)(B), 160.05, 155.30(5), 120.14(1), 155.25, 120.15 and 240.26(1).

17. BENNETT was not released until the evening of May 13, 2011 when BENNETT posted $2500 bail approximately 7 hours after arraignment.

18. BENNETT testified in front of a grand jury on May 18, 2011 and the grand jury returned no true bill. All charges were dismissed on August 18, 2011. A temporary order of protection against Claimant was dropped on November 30, 2011.

19. That heretofore and on the 27th day of October, 2011, BENNETT's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of BENNETT, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

21. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

22. Paragraphs 1 through 21 of this complaint are hereby realleged and incorporated by reference herein.

23. That Defendants had neither valid evidence for the arrest of BENNETT nor legal cause or excuse to seize and detain him for approximately 60 hours.

24. That in detaining BENNETT for over two days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. BENNETT was but one of those persons.

25. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

26. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a

5

policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

27. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of BENNETT's rights alleged herein.

28. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of BENNETT's rights, subjected BENNETT to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of BENNETT's civil rights, including but not limited to the right to be free from being falsely arrested.

30. By reason of the foregoing, BENNETT suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That the seizure, detention and imprisonment of BENNETT was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

33. That Defendants intended to confine BENNETT.

34. That BENNETT was conscious of the confinement and did not consent to it.

35. That the confinement was not otherwise privileged.

36. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of BENNETT's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

37. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of BENNETT's civil rights, including but not limited to the right to be free from false arrest.

38. That by reason of the foregoing, BENNETT suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

41. That Defendants had no legal cause or reason to use excessive force in effectuating BENNETT's arrest or after BENNETT was arrested and in custody.

42. That Defendants violated BENNETT's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

43. That at the time of the arrest or while in custody, BENNETT did not pose a threat to the safety of the arresting officers.

44. That BENNETT was not actively resisting arrest or attempting to evade arrest.

45. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected BENNETT to excessive force while effectuating his arrest.

46. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

47. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of BENNETT's rights, subjected BENNETT to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

48. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of BENNETT's civil rights, including but not limited to the right to be free from the application of excessive force.

49. That upon information and belief, in 2011, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

50. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

51. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of BENNETT's rights alleged herein.

53. By reason of the foregoing, BENNETT suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

54. Paragraphs 1 through 53 are hereby realleged and incorporated by reference herein.

55. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

56. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

57. That Defendants had no legal cause or reason to use excessive force in effectuating BENNETT's arrest or after BENNETT was arrested and in custody.

58. That at the time of the arrest, BENNETT did not pose a threat to the safety of the arresting officers.

59. That BENNETT was not actively resisting arrest or attempting to evade arrest.

60. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

61. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of BENNETT's rights, subjected BENNETT to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

62. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of BENNETT's civil rights, including but not limited to the right to be free from the application of excessive force.

63. By reason of the foregoing, BENNETT suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

64. Paragraphs 1 through 63 are hereby realleged and incorporated by reference herein.

65. That Defendants, with malicious intent, arrested BENNETT and initiated a criminal proceeding despite the knowledge that BENNETT had committed no crime.

66. That all charges against BENNETT were terminated in his favor.

67. That there was no probable cause for the arrest and criminal proceeding.

68. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of BENNETT's rights, deprived BENNETT of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

69. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, BENNETT was maliciously prosecuted despite the fact that he had committed no violation of the law.

70. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

71. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

72. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of BENNETT's rights alleged herein.

73. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

74. That upon information and belief, in 2011, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

75. That by reason of the foregoing, BENNETT suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. That Defendants acted with malicious intent, arrested BENNETT and initiated a criminal proceeding despite the knowledge that BENNETT had committed no crime.

78. That all charges against BENNETT were terminated in his favor.

79. That there was no probable cause for the arrest and criminal proceeding.

80. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of BENNETT's rights, deprived BENNETT of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

81. That by reason of the foregoing, BENNETT suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

82. Paragraphs 1 through 81 are hereby realleged and incorporated by reference herein.

83. That Defendants had no legal cause nor excuse to detain BENNETT for a prolonged period prior to arraignment.

84. That Defendants detained BENNETT excessively prior to arraignment in violation of BENNETT's civil rights.

85. That Defendants detained BENNETT with ill will and/or negligently.

86. That Defendants should have expeditiously investigated this matter and released BENNETT.

87. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of BENNETT's rights, deprived BENNETT of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

88. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

89. That upon information and belief, in 2011, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

90. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

91. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

92. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of BENNETT's rights alleged herein.

93. That Defendant, through its officers, agents and employees, unlawfully incarcerated BENNETT for an excessive period of time prior to arraignment.

94. By reason of the foregoing, BENNETT suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

95. Paragraphs 1 through 94 are hereby realleged and incorporated by reference herein.

13

96. Defendants negligently and/or intentionally failed to arraign plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

97. Said failure to promptly arraign plaintiff caused his arrest to be void ab initio.

98. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XIII. NINTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

99. Paragraphs 1 through 98 are hereby realleged and incorporated by reference herein.

100. That Defendants intended to cause harmful bodily contact to BENNETT.

101. That Defendants, in a hostile manner, voluntarily caused BENNETT'S injuries.

102. That Defendants' contact with BENNETT constituted a battery in violation of the laws of the State of New York.

103. That by reason of the foregoing, BENNETT suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

104. Paragraphs 1 through 103 are hereby realleged and incorporated by reference herein.

105. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

106. That at all times Defendants were acting within the scope of their employment.

107. That Defendant CITY was able to exercise control over Defendants activities.

108. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, BENNETT suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, BENNETT has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, BENNETT respectfully requests that judgment be entered:

1. Awarding BENNETT compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding BENNETT punitive damages in an amount to be determined by a jury;
3. Awarding BENNETT interest from May 11, 2011 and
4. Awarding BENNETT reasonable attorney's fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
        June 8, 2012

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072